Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROSITA DA COSTA,** | ) **Case No.:** |
| | ) |
| **Plaintiff,** | ) **COMPLAINT FOR DAMAGES** |
| | ) **1. VIOLATION OF THE** |
| | ) **TELEPHONE CONSUMER** |
| **v.** | ) **PROTECTION ACT, 47 U.S.C. §** |
| | ) **227, ET. SEQ.** |
| **AMERICAN SUPPORT** | ) |
| **NETWORK, LLC,** | ) **JURY TRIAL DEMANDED** |
| | ) |
| **Defendant.** | ) |
| | ) |

## <u>COMPLAINT</u>

ROSITA DA COSTA ("Plaintiff"), by and through her attorneys, KIMMEL

& SILVERMAN, P.C., alleges the following against AMERICAN SUPPORT

NETWORK, LLC, ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

4.     Plaintiff is a natural person residing in Villa Rica, Georgia 30180.

5.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

6.     Defendant is a corporation with its headquarters located at 2301 Campus Drive, Suite 100A, Irvine, California 92612.

7.     Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

9.      Defendant called Plaintiff on her cellular telephone ending in 6488 on multiple occasions between October 2019 and December 2019.

10.     Plaintiff has only used this phone as a cellular telephone.

11.     When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automated and/or pre-recorded messages.

12.     Plaintiff knew that Defendant used an automatic telephone dialing system and automated and/or pre-recorded messages as she received automated voice messages from Defendant.

13.     Plaintiff did not consent to these calls and did not request or seek information concerning loan options.

14.     Plaintiff has been on the Do Not Call Registry since June 1, 2005.

15.     Defendant's telephone calls were not made for "emergency purposes."

16.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## **COUN T I**
## **Defendant Violated the TCPA 47 U.S.C. § 227(b)**

17.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

18.   The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23.   Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24.   The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25.   The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26.   Defendant's calls were not made for "emergency purposes."

27.   Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

28.   Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since June 1, 2005.

29.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUN T II
## Defendant Violated the TCPA 47 U.S.C. § 227(C)

32.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since June 1, 2005.

35.     Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.


WHEREFORE, Plaintiff, ROSITA DA COSTA, respectfully prays for a judgment as follows:

a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c.    Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

PLAINTIFF'S COMPLAINT

e.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c);

g.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROSITA DA COSTA, demands a jury trial in this case.

Respectfully submitted,

DATED: 01/26/2021

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: teamkimmel@creditlaw.com